UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LIDIA ROYO,** § | | |
| § | | |
| **Plaintiff,** § | | |
| v. § | EP-14-CV-00463-DCG | |
| § | | |
| **GAMWELL TECHNOLOGIES, INC.,** § | | |
| § | | |
| **Defendant.** § | | |

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND
### AND PLAINTIFF'S MOTION TO REMAND

Presently before the Court is Plaintiff Lidia Royo's ("Plaintiff") "Motion for Leave to File Amended Pleading" ("Motion to Amend") (ECF No. 7), filed on January 20, 2015, and Plaintiff's "Motion to Remand" (ECF No. 8), also filed on January 20, 2015.  Defendant Gamwell Technologies, Inc. ("Defendant") is unopposed to Plaintiff's Motion to Amend.  *See* Mot. to Amend, Ex. A at 1.  Defendant responded to Plaintiff's Motion to Remand on January 27, 2015.  *See* Resp., ECF No. 9.  Plaintiff filed her Reply on February 3, 2015.  *See* ECF No. 10.  After carefully considering the Motions, the record, and the applicable law, the Court enters the following order.

## I. BACKGROUND

Plaintiff filed her Original Petition in the County Court of Law No. 3, sitting in El Paso County, Texas, on November 11, 2014.  *See* Notice of Removal, Ex. A at 1–9,[1] ECF 1 ("Original Petition").  Plaintiff alleges causes of action against her former employer, Defendant, for

---

[1] Because Exhibit A contains multiple documents, the Court cites to ECF pagination for this exhibit.

violations of the Fair Labor Standards Act ("FLSA"), breach of contract, breach of fiduciary relationship, constructive discharge, and sexual harassment. *See* Original Pet. 2–7.

Defendant was served on November 25, 2014. *See* Notice of Removal, Ex. A at 10. Defendant timely removed the matter to federal court on December 18, 2014, based on federal question jurisdiction. *See* Notice of Removal ¶ 3; *see also* 28 U.S.C. § 1446(b) (stating that a party has thirty days to remove an action after receipt of initial petition). On January 20, 2015, Plaintiff moved to amend her complaint, removing her allegations regarding violations of the FLSA, constructive discharge, sexual harassment and breach of fiduciary duty. *See* Mot. to Amend. Plaintiff subsequently moved to remand the action to state court based on the proposed changes. *See* Mot. to Remand.

## II.  ANALYSIS

### A.  *Motion to Amend*

Plaintiff moves to amend her complaint. *See* Mot. to Amend. The proposed Amended Complaint abandons Plaintiff's claims for breach of fiduciary relationship, constructive discharge, sexual harassment, hostile working environment, and mental anguish; and adds claims for quantum meruit and promissory estoppel. *See* Mot. to Amend, Ex. B at 3 ("Amended Complaint"). Plaintiff's Motion to Amend is unopposed. *See* Mot. to Amend, Ex. A. Accordingly, the Court grants Plaintiff's Motion to Amend.

### B.  *Motion to Remand*

Plaintiff also seeks to remand the case back to state proceedings. Plaintiff first argues that the Court lacks subject matter jurisdiction. *See* Mot. to Remand ¶ 8; Reply ¶¶ 8–10. In the alternative, if the Court determines it has subject matter jurisdiction, Plaintiff requests that Court

decline to exercise its supplemental jurisdiction over the remaining state law claims. *See* Mot. to Remand ¶ 9.

**1. The Court Has Subject Matter Jurisdiction**

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441(a). "[F]ederal courts [have] jurisdiction to hear, originally or by removal from state court, only those cases in which a well–pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). To have federal subject matter jurisdiction, the cause of action must "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331. District courts shall also have original jurisdiction in all civil actions where the matter in controversy "exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

Once a civil action is removed to federal court, a plaintiff may challenge the removal by filing a motion to remand pursuant to 28 U.S.C. § 1447(c). A party may only make a motion to remand on the basis of any defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice of removal under section 1446(b). *See* 28 U.S.C. § 1447(c). Any defect that does not involve the question of whether the case *originally* could have been brought in federal district court is merely a defect in removal procedure, rather than jurisdictional defect. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991).

Removal statutes are to be strictly construed against removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 n.13 (5th Cir. 1988). Any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720,

723 (5th Cir. 2002) (citing *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).

Plaintiff does not argue that the Court is deprived of subject matter jurisdiction based on her Amended Complaint.  *See* Reply ¶ 10.  Plaintiff would be incorrect if she did.  *See Manguno*, 276 F.3d at 723 (stating that a court must look to the plaintiff's complaint as it existed at the time of removal to determine if subject matter jurisdiction is present for removal purposes).  Plaintiff instead argues that she never properly pleaded a cause of action that included a federal question, and as a result this Court never acquired subject matter jurisdiction over the Original Petition.  *See* Reply ¶ 10.

Plaintiff grounds her argument in an unpublished Fifth Circuit opinion, *Casey v. Rainbow Group, Ltd.*, 1997 WL 114915 (5th Cir. 1997).  In *Casey*, plaintiffs sued their employer, in part, for breach of contract and "[i]n addition, or in the alternative" for violations of the FLSA.  *See Casey*, 1997 WL 114915  at *3.  The *Casey* court examined the plaintiffs' pleading under the well–pleaded complaint rule.  *See id.* at *3 (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (stating that "the rule provides that a plaintiff's well–pleaded complaint alone—not the removal petition or a defendant's responses—determines the existence of a federal question"); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As "the well–pleaded complaint rule focuses on claims, not theories," the court reasoned that the plaintiffs' cause of action could not be said to "arise under" the FLSA, and thus was not removable, because the plaintiffs could prevail on the breach of contract claim without any consideration of the FLSA.  *Id.* (quoting *Willy v. Coastal Corp.*, 855 F.2d 1160, 1170 (5th Cir.1988) and citing *Christianson*

*v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)); *see also Wiley*, 855 F. 2d at 1170–71). In other words, the FLSA was only an alternative theory on which the plaintiff's breach of contract *claim* was premised.

The Fifth Circuit reached this conclusion because it determined that the plaintiffs' claims were not completely preempted by the FLSA and indicated that complete preemption under any circumstances was unlikely. *Id.* at *5. The court concluded that "[t]he liability provisions of the [FLSA] . . . are confined to providing reparation for unpaid overtime compensation and unpaid minimum wages." *Id.* (internal quotation marks omitted). The court then reversed the lower court's decision not to remand the case for lack of subject matter jurisdiction. *Id.*

Plaintiff here suggests that the instant case is akin to *Casey* because she never sought compensation for unpaid overtime, unpaid minimum wages, or retaliation. *See* Reply ¶ 9. Therefore, she argues, because her FLSA claim was always a nonviable cause of action, the Court never had subject matter jurisdiction under the reasoning in *Casey*.

The Court disagrees for two reasons. First, and most importantly, Plaintiff does not argue that she did not plead a claim under the FLSA. Instead, Plaintiff argues that because she improperly pleaded the FLSA claim, and because it was nonviable, in effect, the claim should not count in the Court's determination of whether it has subject matter jurisdiction. However, jurisdiction is determined at the time of removal, and at the time of removal, Plaintiff had an FLSA claim, regardless of its viability. *See Manguno*, 276 F.3d at 722.

Second, unlike the plaintiffs in *Casey*, Plaintiff did not plead her FLSA claim in the alternative, and it is not intertwined with her breach of contract claim. Instead, Plaintiff formatted her FLSA as a separate and distinct claim from her breach of contract claim and

sought different relief. *See* Original Pet 3–5. The relevant portion of the Plaintiff's Original Petition alleges the following:

> By failing to record all compensable commissions under the FLSA, the Defendant has failed to pay the Plaintiff required commissions for work performed by the Plaintiff which the Defendant has received 100% of the benefits. The Defendant has engaged in this unlawful conduct by requiring employees to work for 'commission' and not record/report their commissions for such work . . . . As a result, . . . Plaintiff is entitled to recover exemplary damages . . . .

Original Pet. 5. Plaintiff could have prevailed on her breach of contract claim, but the Court would still have had to consider the separate FLSA claim to determine, in part, if she was entitled to exemplary damages. The Court finds that it has subject matter jurisdiction.

**2. Nevertheless, the Court Declines to Exercise Its Supplemental Jurisdiction**

Although the Court has determined it has subject matter jurisdiction, that does not end the analysis. Plaintiff, in the alternative, requests that the Court decline its supplemental jurisdiction if the Court finds, as it has, that subject matter jurisdiction exists over her original claims. *See* Mot. ¶ 9. The supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts *have* original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added). The statute's plain language preliminarily makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it. *See id.*; *see also Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221–22 (5th Cir. 2012) (noting that a court's decision to exercise or decline supplemental jurisdiction over state law claims comes into play only when jurisdiction is proper).

When a district court relinquishes jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court. *See Carnegie–Mellon Univ. v.*
<9/>

*Cohill*, 484 U.S. 343, 350 (1988); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984) ("[O]nce the federal claims ha[ve] dropped out of the case, the district court ha[s] discretion to decline to exercise continued jurisdiction over the nonfederal elements."); 14C Wright & Miller, Federal Prac. & Proc. § 3726 (4th ed. 2014) ("The district court can exercise its discretion to decline jurisdiction over the supplemental claims if the federal agency drops out of the case, or even if the federal defendant remains a litigant."). Section 1367 further provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367. The United States Supreme Court also stated that district courts should consider "the values of judicial economy, convenience, fairness, and comity" as well as whether the plaintiff has engaged in forum shopping or any other manipulative tactics. *Cohill*, 484 U.S. at 350, 357. "[Although] [t]he general rule is that a court should decline to exercise jurisdiction over remaining state–law claims when all federal–law claims are eliminated before trial . . . this rule is neither mandatory nor absolute . . . ." *Brookshire Bros. Holding Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

In the cases at hand, the Court believes that little reason exists to retain jurisdiction over these matters. Although the state law claims are neither novel nor complex, the issues remaining all involve state law questions between residents of Texas. Moreover, very little judicial resources have been expended on considering the remaining claims, and the Court has yet to enter a scheduling order.

Defendant argues that the principle of fairness weighs in favor of the Court accepting its supplemental jurisdiction because it "has incurred additional attorney's fees and costs" in filing its Motion to Remand which was a result of forum manipulation on Plaintiff's part. *See* Resp. ¶¶ 17, 19–21. The Court is sympathetic to Defendant's additional expenses, but it does not believe Plaintiff engaged in forum manipulation. Plaintiff explains that the abandonment of her FLSA claim is a result of change in counsel that judged the claim as inapplicable. *See* Reply ¶ 7. The Court will not penalize Plaintiff for promoting judicial economy. Accordingly, the interests of justice will be best served by the matters being remanded to the appropriate state court.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Lidia Royo's "Motion for Leave to File Amended Pleading" (ECF No. 7) is **GRANTED**.

The Clerk of the Court is **ORDERED** to **DOCKET** Plaintiff's Amended Complaint (ECF No. 7, Ex. B).

**IT IS FURTHER ORDERED** that Plaintiff Lidia Royo's "Motion to Remand" (ECF No. 8) is **GRANTED**.

**IT IS ALSO ORDERED** that the instant action is **REMANDED** to the County Court of Law No. 3, sitting in El Paso County, Texas.

**IT IS FURTHER ORDERED** that the Clerk of the Court **MAIL** a certified copy of this Order to the County Clerk of El Paso County, Texas.

So ORDERED and SIGNED this 24th day of April, 2015.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE